IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED

2011 MAY -5 PM 6: 14

CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY_____
            DEPUTY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | CRIMINAL NO. _____ |
| | § | |
| Plaintiff, | § | SEALED INDICTMENT |
| | § | **A11CR 259 LY** |
| VS. | § | |
| | § | **Count One:** |
| | § | Conspiracy to Commit Visa Fraud |
| | § | [18 U.S.C. §371; 18 U.S.C. §1546(a)] |
| (1) JOSE RAMIRO VICHARELLY, | § | |
| (2) IRMA LOPEZ VICHARELLY, | § | **Count Two:** |
| (3) ANGELA PAOLA FAULK, | § | Conspiracy to Encourage Aliens to Illegally |
| (4) PEDRO SAUL OCAMPO MUNGUIA, | § | Enter and Reside in the United States |
| (5) SERVANDO GONZALEZ, JR., | § | [8 U.S.C. §1324(a)(1)(A)(v)(I); (a)(1)(A)(iv)] |
| | § | |
| Defendants. | § | **Counts Three - Five:** |
| | § | Encouraging and Inducing an Alien to |
| | § | Illegally Enter and Reside in the United |
| | § | States for Purposes of Financial Gain |
| | § | [8 U.S.C. §1324(a)(1)(A)(iv); (a)(1)(B)(i)] |

THE GRAND JURY CHARGES:

<u>COUNT ONE</u>
Conspiracy to Commit Visa Fraud
18 U.S.C. §371
[18 U.S.C. §1546(a)]

A.     **Introduction:**

At all times material to this Indictment, unless specified otherwise:

<u>The Defendants:</u>

1.     International Staffing Solutions, Inc., doing business as Texas Staffing Resources ("TSR"), processed visa petitions to obtain workers from Mexico for companies in the Austin, Texas area.  TSR operated out of an office located at 1717 N. I-35, Suite 130, Round Rock, Texas, as well as conducted business from and accepted business correspondences at a residence at 2101 Van Horn, Cedar Park, Texas.

Page 1 of 13

2.      **JOSE RAMIRO VICHARELLY** ("Jose VICHARELLY") was the President and Executive Director of TSR.

3.      Jose VICHARELLY's wife, **IRMA LOPEZ VICHARELLY,** was a Director and agent of TSR.

4.      Jose VICHARELLY's daughter, **ANGELA PAOLA FAULK** ("Angela FAULK"), was the Office Manager and a Director of TSR.

5.      **PEDRO SAUL OCAMPO MUNGUIA** was the Account Manager at TSR until he left TSR sometime around October of 2009 to start his own temporary staffing company named Netdise International Staffing Solutions.

6.      Angela FAULK's husband, **SERVANDO GONZALEZ, JR.,** was an employee and/or agent of TSR.

### The H-2B Visa Program:

7.      An "alien" is a person who is not a citizen or national of the United States.

8.      A "non-immigrant visa" allows an alien to legally stay in the United States for a limited period of time. An "immigrant visa," in contrast, allows an alien to reside permanently in the country.

9.      A H-2B visa is a specific type of non-immigrant visa that allows U.S. employers to hire alien workers for temporary, non-agricultural jobs. The H-2B visa program is administered by U.S. Citizenship and Immigration Services ("USCIS"), an agency within the U.S. Department of Homeland Security. Pursuant to federal regulations, only 66,000 H-2B visas can be issued in a given year.

10.     Obtaining a H-2B visa primarily involves a four-step process. First, an employer must apply to the U.S. Department of Labor ("DOL") for temporary labor certification, which is an advisory by DOL to USCIS on whether or not U.S. workers are capable of performing the temporary services or labor and whether or not the aliens' employment will adversely affect the wages and working conditions of similarly employed U.S. workers. In order to obtain temporary labor certification, the employer must submit an "Application for Alien Employment Certification" ("Form ETA 750"). In the application, the employer must provide certain information relating to the job it

intends to fill with foreign labor and certify that the job opportunity had been, and was at the time of the filing, clearly open to any qualified U.S. worker. The employer must further sign Form ETA 750 under penalty of perjury, attesting that the application and evidence submitted therewith is true and correct.

11.     Second, once DOL certifies Form ETA 750, the employer must file a "Petition for Nonimmigrant Worker" ("I-129 Petition") with USCIS. On the I-129 Petition, the employer must again provide information relating to the job as well as information relating to its company, such as its annual income and current number of employees. Like Form ETA 750, the employer must sign the I-129 Petition under the penalty of perjury. After USCIS approves the employer's I-129 Petition, USCIS will generate a Notice of Action, commonly referred to as "Form I-797," and mail copies to the employer and to the appropriate U.S. Embassy or Consulate abroad.

12.     Third, any aliens under the employer's I-129 Petition are required to submit a Nonimmigrant Visa Application ("Form DS-156") and be interviewed by a U.S. State Department Consular Officer. During the interview, the aliens must demonstrate strong ties to their home countries and prove they do not intend to immigrate to the United States. If the aliens make a showing to the satisfaction of the Consular Officer, visas will be prepared for them at the Embassy or Consulate and affixed to their passports. The H-2B visa specifically lists both the alien's petitioning employer and the reference number of the corresponding I-129 Petition.

13.     Finally, after the aliens receive their H-2B visas, they are permitted to apply for entry into the United States with U.S. Customs and Border Protection (CBP), and if granted entry, CBP will issue them an I-94 Arrival/Departure Record, also affixed to their passport, which indicates their required departure date.

14.     If an alien granted a H-2B visa does not work for their petitioning employer, or does not return to his or her home country at the expiration of their visa, that alien is out of status and in violation of the immigration laws of the United States.

**B.     Conspiracy to Commit Visa Fraud:**

15.     Beginning in or about August 2004, the exact date being unknown, and continuing thereafter until the date of this Indictment, in the Western District of Texas and elsewhere, the defendants:

**JOSE RAMIRO VICHARELLY**
**IRMA LOPEZ VICHARELLY**
**ANGELA PAOLA FAULK**
**PEDRO SAUL OCAMPO MUNGUIA**
**SERVANDO GONZALEZ, JR.**

did knowingly combine, conspire, confederate and agree with each other and other persons known and unknown to the grand jury to commit the following offenses against the United States:

(a)     to knowingly subscribe as true, under penalty of perjury (as permitted under Title 28, United States Code, Section 1746), false statements with respect to material facts in applications, affidavits, or other documents required by the immigration laws or regulations prescribed thereunder, or to knowingly present any such applications, affidavits, or other documents which contain false statements or which fail to contain any reasonable basis in law or fact, a criminal offense under Title 18, United States Code, Section 1546(a) (paragraph four); and

(b)     to utter, use, attempt to use, possess, obtain, accept, or receive an immigrant or non-immigrant visa, permit, or other document prescribed by statute or regulation for entry into or as evidence of authorized stay or employment in the United States, knowing it to be forged, counterfeited, altered, or falsely made, or to have been procured by means of any false claim or statement, or to have been otherwise procured by fraud or unlawfully obtained, a criminal offense under Title 18, United States Code, Section 1546(a) (paragraph one).

**C.     The Manner and Means of the Visa Fraud Conspiracy:**

It was part of the conspiracy that defendants and other co-conspirators associated with TSR would and did:

16.     Approach employers in the Austin, Texas area and offer to obtain H-2B visas for

foreign nationals to come and work for their companies and/or offer to obtain H-2B visas for any undocumented aliens already working at their companies.

17.     File I-129 Petitions requesting significantly more foreign workers than required or asked for by employers and/or file I-129 Petitions entirely without the employers' knowledge or consent.

18.     Forge employers' signatures on I-129 Petitions and submit fraudulent documents, such as fake cover letters and bogus charts and graphs, as evidence of the employers' temporary need for foreign workers.

19.     Sell the excess or fraudulently created slots on approved I-129 Petitions to undocumented aliens in the Austin, Texas area for between $1,500 and $2,200.

20.     Travel to Mexico and submit, or help aliens submit, Form DS-156's with materially false information, such as by answering "no" to the question whether they (the aliens) had ever been illegally present in the United States.

21.     Receive approved H-2B visas from the U.S. Consulate and distribute them to the aliens.

22.     Instruct or assure the aliens at some point prior to their entry into United States on their H-2B visas that they did not have to work for the employer listed on their visa.


**D.     The Overt Acts of the Visa Fraud Conspiracy:**

In furtherance of the conspiracy, and to effect the objects thereof, one or more of the following overt acts, among others, were committed by the defendants and other co-conspirators associated with TSR within the Western District of Texas and elsewhere:

23.     On or about the dates below, the defendants and other co-conspirators associated with TSR knowingly caused a materially false I-129 Petition to be submitted to USCIS which contained a false attestation that the aliens under the petition would work for the petitioning employer:

| Date: | Petitioning Employer: | Workers Requested: | I-129 Petition Number: |
|---|---|---|---|
| 11/3/04 | Reinforcing Steel Supply | 20 | SRC-05-024-50817 |
| 11/3/04 | Satay Restaurant | 19 | SRC-05-024-50229 |

| 11/9/06 | Hilton Garden Inn | 30 | EAC-07-030-50936 |
|---------|-------------------|----|------------------|
| 7/25/07 | L&L Construction Company | 15 | EAC-07-221-52846 |
| 6/30/08 | EVS Texas | 15 | EAC-08-191-51845 |
| 6/23/09 | Avery Ranch Golf Club | 25 | EAC-09-187-51298 |
| 2/17/10 | Avery Ranch Golf Club | 20 | EAC-10-093-51604 |
| 3/21/11 | Avery Ranch Golf Club | 20 | EAC-11-123-50609 |

24.     On or about the dates below, the defendants and other co-conspirators associated with TSR knowingly caused a H-2B visa that had been procured by means of false claim or statement to be issued to the following aliens:

| Date: | Alien Beneficiary: | Petitioning Employer: | I-129 Petition No.: |
|-------|--------------------|-----------------------|---------------------|
| 12/22/04 | Luis Moreno Hernandez | Reinforcing Steel Supply | SRC-05-024-50817 |
| 10/12/05 | Ivan Moreno Hernandez | Quality Stone Company | SRC-05-223-52440 |
| 4/25/06 | Maria Jaimes Gonzalez | Hilton Garden Inn | SRC-06-073-52201 |
| 1/12/07 | Carmen Hernandez Tepixtle | Hilton Garden Inn | EAC-07-030-50936 |
| 4/12/07 | Maria Gutierrez-Martinez | Just Cleaning Company | EAC-07-094-53208 |
| 4/9/08 | Carmen Hernandez Tepixtle | A&M Spray Painting Inc. | EAC-07-236-52877 |

The foregoing in violation of Title 18, United States Code, Section 371.

E.

## COUNT TWO
### Conspiracy to Encourage and Induce Aliens
### to Illegally Enter and Reside in the United States
### 8 U.S.C. §1324(a)(1)(A)(v)(I)
[8 U.S.C. §1324(a)(1)(A)(iv)]

25.     Section A of Count One of this Indictment is re-alleged and incorporated as though fully set forth herein.

26.     Beginning in or about August 2004, the exact date being unknown, and continuing

thereafter until the date of this Indictment, in the Western District of Texas and elsewhere, the defendants:

**JOSE RAMIRO VICHARELLY**
**IRMA LOPEZ VICHARELLY**
**ANGELA PAOLA FAULK**
**PEDRO SAUL OCAMPO MUNGUIA**
**SERVANDO GONZALEZ, JR.**

did knowingly combine, conspire, confederate and agree with each other and other persons known and unknown to the grand jury to encourage and induce aliens to come to, enter, and reside in the United States, knowing and in reckless disregard of the fact that the coming to, entry, and residence in the United States by the said aliens was or would be in violation of law; a criminal offense under Title 8, United States Code, Section 1324(a)(1)(A)(iv).

**F.     The Manner and Means of the Conspiracy to Encourage Aliens to Illegally Enter and Reside in the United States:**

27.     Section C of Count One of this Indictment is re-alleged and incorporated as though fully set forth herein.

It was also part of the conspiracy that defendants and other co-conspirators associated with TSR would and did:

28.     Receive initial payments for H-2B visas from undocumented aliens at TSR's office in Round Rock, Texas.

29.     Instruct undocumented aliens from Mexico to return back to Mexico in order to be interviewed at the U.S. Consulate and receive their visas.

30.     Meet with groups of aliens at hotels in Mexico and collect final payments, prepare Form DS-156's, and coach the aliens on what to say (or not say) during their Consular interviews.

**G.     The Overt Acts of the Conspiracy to Encourage Aliens to Illegally Enter and Reside in the United States:**

In furtherance of the conspiracy, and to effect the objects thereof, one or more of the following overt acts, among others, were committed by the defendants and other co-conspirators associated with TSR within the Western District of Texas and elsewhere:

31.     On or about the dates below, the defendant and other co-conspirators associated with TSR knowingly encouraged and induced the following aliens to enter or attempt to enter the United States, knowing or in reckless disregard of the fact that such entry was or would be in violation of law:

| Date of Entry: | Alien: | I-129 Petition Number: |
|---|---|---|
| 12/22/04 | Luis Moreno Hernandez | SRC-05-024-50817 |
| 10/12/05 | Ivan Moreno Hernandez | SRC-05-223-52440 |
| 4/26/06 | Maria Jaimes Gonzalez | SRC-06-073-52201 |
| 1/12/07 | Carmen Hernandez Tepixtle | EAC-07-030-50936 |
| N/A – denied visa | Ivan Moreno Hernandez | EAC-07-030-50936 |
| 4/13/07 | Maria Gutierrez-Martinez | EAC-07-094-53208 |
| 4/9/08 | Carmen Hernandez Tepixtle | EAC-07-236-52877 |

32.     On August 29, 2010, a email sent from texasstaffingresources@yahoo.com to servandogonzalezjunior@yahoo.com advised defendant **SERVANDO GONZALEZ, JR.** on how to coach the aliens prior to their Consular interviews and contained the following specific instructions:

a.      "Explain how to respond if they ask how much they paid which would only be the Banamex and $100 to Consulate";

b.      "Expalin (sic) to them that they have to tell the truth about anything that has been documented by INS, police etc.  Be honest no lies!";

c.      "Tell them not to worry if: If they have kids who are born here; They have had bank accounts; They owe the banks or hospitals; !!Remind them that none of

these things shows up!!"; and

d.   "Your name as you are the agent, you are who they met designated from the company and helped them do the forms- nothing else! You did not tell them what to say etc. . ."

The foregoing (Sections E-G) in violation of Title 8, United States Code, Section 1324(a)(1)(A)(v)(I).

## COUNT THREE
### Encouraging and Inducing an Alien to Illegally Enter and Reside in the United States for Purposes of Financial Gain
### 8 U.S.C. §§1324(a)(1)(A)(iv) and (a)(1)(B)(i)

33.   Section A of Count One of this Indictment is re-alleged and incorporated as though fully set forth herein.

34.   On or about December of 2006, the exact date unknown, and continuing thereafter until on or about January 11, 2007, in the Western District of Texas and elsewhere, the defendants:

### JOSE RAMIRO VICHARELLY
### IRMA LOPEZ VICHARELLY
### ANGELA PAOLA FAULK

for purposes of commercial advantage and private financial gain, did knowingly encourage and induce an alien to come to, enter, and reside, or attempt to come to, enter, and reside, in the United States, in reckless disregard of the fact that such entry into and residence in the United States would be in violation of law; to wit: defendants, in exchange for money, encouraged and induced Ivan Moreno Hernandez, an undocumented alien, to travel to Matamoros, Mexico and attempt to obtain a materially false H-2B visa to use to enter and reside in the United States; a violation of Title 8, United States Code, Sections 1324(a)(1)(A)(iv) and (a)(1)(B)(i); or defendants aided and abetted the commission of the foregoing acts, a violation of Title 8, United States Code, Sections 1324(a)(1)(A)(v)(II) and (a)(1)(B)(ii).

## COUNT FOUR
### Encouraging and Inducing an Alien to Illegally Enter and Reside
### in the United States for Purposes of Financial Gain
### 8 U.S.C. §§1324(a)(1)(A)(iv) and (a)(1)(B)(i)

35.     Section A of Count One of this Indictment is re-alleged and incorporated as though fully set forth herein.

36.     On or about December of 2006, the exact date unknown, and continuing thereafter until on or about January 14, 2007, in the Western District of Texas and elsewhere, the defendants:

### JOSE RAMIRO VICHARELLY
### IRMA LOPEZ VICHARELLY
### ANGELA PAOLA FAULK

for purposes of commercial advantage and private financial gain, did knowingly encourage and induce an alien to come to, enter, and reside in the United States, in reckless disregard of the fact that such entry into and residence in the United States was or would be in violation of law; to wit: defendants, in exchange for money, encouraged and induced Carmen Hernandez Tepixtle, an undocumented alien, to travel to Matamoros, Mexico to obtain a materially false H-2B visa and to use that H-2B visa to enter and reside in the United States; a violation of Title 8, United States Code, Sections 1324(a)(1)(A)(iv) and (a)(1)(B)(i); or defendants aided and abetted the commission of the foregoing acts, a violation of Title 8, United States Code, Sections 1324(a)(1)(A)(v)(II) and (a)(1)(B)(ii).

## COUNT FIVE
### Encouraging and Inducing an Alien to Illegally Enter and Reside
### in the United States for Purposes of Private Financial Gain
### 8 U.S.C. §§1324(a)(1)(A)(iv) and (a)(1)(B)(i)

37.     Section A of Count One of this Indictment is re-alleged and incorporated as though fully set forth herein.

38.     On or about March of 2007, the exact date unknown, and continuing thereafter until on or about April 15, 2007, in the Western District of Texas and elsewhere, the defendants:

### JOSE RAMIRO VICHARELLY
### IRMA LOPEZ VICHARELLY
### PEDRO SAUL OCAMPO MUNGUIA

for purposes of commercial advantage and private financial gain, did knowingly encourage and induce an alien to come to, enter, and reside in the United States, in reckless disregard of the fact that such entry into and residence in the United States was or would be in violation of law; to wit: defendants, in exchange for money, encouraged and induced Maria Gutierrez-Martinez, an undocumented alien, to travel to Matamoros, Mexico to obtain a materially false H-2B visa and to use that H-2B visa to enter and reside in the United States; a violation of Title 8, United States Code, Sections 1324(a)(1)(A)(iv) and (a)(1)(B)(i); or defendants aided and abetted the commission of the foregoing acts, a violation of Title 8, United States Code, Sections 1324(a)(1)(A)(v)(II) and (a)(1)(B)(ii).

### NOTICE OF GOVERNMENT'S DEMAND FOR FORFEITURE
#### (18 U.S.C. §1546(a), 8 U.S.C. § 1324(a)(1)(A)(iv), and 18 U.S.C. § 982(a)(6)(A)(ii))

As a result of the foregoing criminal violations as set forth in Counts One, Two, Three, Four, and Five of the Indictment, which are punishable by imprisonment for more than one year, the United States gives notice that it intends to forfeit, but is not limited to, the below listed property from Defendants, **JOSE RAMIRO VICHARELLY, IRMA LOPEZ VICHARELLY, ANGELA PAOLA FAULK , PEDRO SAUL OCAMPO MUNGUIA,** and **SERVANDO GONZALEZ, JR.** Defendants shall forfeit all right, title and interest in said property to the United States pursuant to Fed .R. Crim. P. 32.2 and 18 U.S.C. § 982(a)(6)(A)(ii), which states the following:

**18 U.S.C. § 982 Criminal Forfeiture**
**(a)(6)(A)** The Court, in imposing sentence on a person convicted of a violation of, or conspiracy to violate, section 274(a) . . . of the Immigration and Nationality Act [8 U.S.C. § 1324(a)] or section 1546 of this title. . . shall order that the person forfeit to the United States, regardless of any provision of State law–
. . . .
(ii) any property real or personal–
(I) that constitutes, or is derived from or is traceable to the proceeds obtained directly or indirectly from the commission of the offense

of which the person is convicted; or

(II) that is used to facilitate, or is intended to be used to facilitate, the Commission of the offense of which the person is convicted.

This Notice of Demand for Forfeiture includes but is not limited to the property described below in paragraphs I, II, and III.

## I. PERSONAL PROPERTY

A.  **All right, title and interest of DEFENDANTS JOSE RAMIRO VICHARELLY and IRMA LOPEZ VICHARELLY in the following personal property is subject to forfeiture to the United States of America:**

    a.    One 2006 Mercedes Benz CLS 500, Vin Number WDDDJ75X06A074878;

    b.    One 2008 Cadillac Escalade, Vin Number 1GYFK66878R242676;

    c.    One 2003 BMW Z-4 Convertible, Vin Number 4USBT334X3LS40864;

    d.    One 2006 Lincoln Mark LT, Vin Number 5LTPW16596FJ16399;

    e.    Any and all funds in Wells Fargo Account Number *****1901 in the name of Jose R. Vicharelly and Daniel A. Vicharelly;

    f.    Any and all funds in Wells Fargo Account Number ******5277 in the name of Jose R. Vicharelly; and

    g.    Any and all funds in Bank of America Account Number ********5456 in the name of Jose R. Vicharelly dba Texas Staffing Resources.

## II. MONEY JUDGMENT

Upon conviction of the offense set forth in Counts One and Two, Defendants **JOSE RAMIRO VICHARELLY, IRMA LOPEZ VICHARELLY, ANGELA PAOLA FAULK, PEDRO SAUL OCAMPO MUNGUIA,** and **SERVANDO GONZALEZ, JR.** shall forfeit to the United States, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure and 18 U.S.C. § 982(a)(6)(A)(ii), the following described Money Judgment of Forfeiture:

A sum of money equal to one million dollars in United States currency ($1,000,000.00), representing the amount of money derived from or traceable to the proceeds obtained directly or indirectly from the commission of the offenses described above and for which **JOSE RAMIRO VICHARELLY, IRMA LOPEZ VICHARELLY, ANGELA PAOLA FAULK, PEDRO SAUL OCAMPO MUNGUIA,** and **SERVANDO GONZALEZ, JR.** are jointly and severally liable.

## III.  SUBSTITUTE ASSETS

If the money judgment described above as being subject to forfeiture pursuant to 18 U.S.C. § 982(a)(6)(A)(ii), as a result of any act or omission of Defendants **JOSE RAMIRO VICHARELLY, IRMA LOPEZ VICHARELLY, ANGELA PAOLA FAULK, PEDRO SAUL OCAMPO MUNGUIA,** and **SERVANDO GONZALEZ, JR.:**

a.   cannot be located upon the exercise of due diligence;
b.   has been transferred or sold to, or deposited with, a third person;
c.   has been placed beyond the jurisdiction of the Court;
d.   has been substantially diminished in value; or
e.   has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States of America to seek forfeiture of any other property up to the value of said money judgment described above in Paragraph II.

**ORIGINAL SIGNATURE
REDACTED PURSUANT TO
E-GOVERNMENT ACT OF 2002**

JOHN E. MURPHY
UNITED STATES ATTORNEY

BY: _____
GARTH R. BACKE
Assistant United States Attorney