IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | No. 1:11-CR-259-LY |
| | § | ECF |
| JOSE VICHARELLY | § | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S
MOTION TO WITHDRAW GUILTY PLEA**

The United States of America files its Response to Defendant's Motion to Withdraw his Guilty Plea, and would respectfully show the Court as follows:

I.

**STATEMENT OF FACTS**

Vicharelly, along with his counsel, signed an 18-page plea agreement with the government on September 9, 2011.  Vicharelly agreed to plead guilty to Counts One and Two of the indictment that charged him with Conspiracy to Commit Visa Fraud and Conspiracy to Encourage and Induce Aliens to Illegally Enter and Reside in the United States, respectively. The agreement was signed pursuant to Fed. R. Crim. P. 11(c)(1)(C) and included a provision that the custody portion of the sentence should be for a term of 41 months.  Vicharelly and his counsel appeared before Magistrate Judge Robert Pitman on September 15, 2011, and Vicharelly pleaded guilty as outlined in the plea agreement.  Government Exhibit 1.  This Court accepted Vicharelly's plea of guilty on November 8, 2011.

Sentencing on the case was initially set for November 21, 2011.  On November 7, 2011, Vicharelly filed an unopposed motion to continue sentencing.  This Court granted the motion on

**Government's Response to Motion to Withdraw Guilty Plea - Page 1**

November 16, 2011, and reset the sentencing date to December 15, 2011.  Vicharelly filed a second unopposed motion to continue sentencing on December 8, 2011.  This Court granted the motion on December 9, 2011, and continued the sentencing hearing to February 3, 2012.  A third motion to continue sentencing was filed by Vicharelly on February 1, 2012.  This motion was opposed by the United States.  On February 2, 2012, Vicharelly filed a motion to withdraw his guilty plea.  The parties appeared before this Court on February 3, 2012, and the motion to continue the sentencing hearing was granted.  The new sentencing date was set for February 28, 2012.  This Court deferred ruling on the motion to withdraw the guilty plea until February 28, 2012, as well.

In the motion to withdraw his guilty plea, Vicharelly alleges that his plea of guilty on November 15, 2011, was neither knowing nor voluntary.  He claims that his decision to plead guilty was induced by conversations with his attorney that some co-defendants had agreed to testify against him.  In particular, Vicharelly claims that the information that his daughter intended to testify against him was false.  He claims that he relied on this erroneous information in making his decision to plead guilty.  Vicharelly finally contends that the government did not give him sufficient opportunity to earn a downward departure as agreed to in the plea agreement.  Vicharelly claims that he did not have enough time to develop information of criminal activity by others.

II.

## APPLICABLE LAW AND ANALYSIS

As noted by Vicharelly, Fed. R. Crim. P. 11(d)(2)(B) states that a "defendant may withdraw a plea of guilty after the court accepts the plea, but before it imposes sentence, if the

defendant can show a fair and just reason for requesting the withdrawal." The Fifth Circuit established seven factors to determine when a defendant should be allowed to withdraw a guilty plea. *United States v. Carr*, 740 F.2d 339 (5th Cir. 1984). A court will consider whether (1) the defendant asserted his innocence, (2) withdrawal would prejudice the government, (3) the defendant delayed in filing the withdrawal motion, (4) withdrawal would inconvenience the court, (5) close assistance of counsel was available to the defendant, (6) the plea was knowing and voluntary, and (7) withdrawal would waste judicial resources. *Carr at* 343–44 (5th Cir. 1984). "No single factor or combination of factors mandates a particular result." *United States v. Badger*, 925 F.2d 101, 104 (5th Cir. 1991).

In this case, neither of the two reasons put forward by Vicharelly are sufficient to support his motion to withdraw his guilty plea. Under the first prong of the *Carr* test, Vicharelly is not claiming that he is innocent, either factually or legally, but rather that certain witnesses would not have testified against him. The lack of any evidence in the motion showing a substantial claim of innocence fails to meet the first prong of the test.

Contrary to his claim, the factual basis of the plea bargain that Vicharelly signed contained a detailed accounting of Vicharelly's actions in this case. The facts establish Vicharelly's guilt regardless of the testimony of his daughter or any other co-defendant. Based on this information alone, there is sufficient evidence that Vicharelly committed the offenses as alleged. *See United States v. Mendez*, 2011 WL 5105802 (5th Cir. 2011)(a mere assertion of innocence is not sufficient to withdraw a guilty plea where defendant swears under oath that the factual basis is correct); *United States v. Martinez*, 344 Fed Appx. 975 (5th Cir. 2009)(belated claim of innocence, which was contrary to the sworn testimony at rearraignment, is not credible).

**Government's Response to Motion to Withdraw Guilty Plea - Page 3**

Under the second factor of the *Carr* test, the lengthy delay between Vicharelly's guilty plea and the filing of his withdrawal motion is evidence that the government would be prejudiced in the prosecution. In *Martinez*, the court wrote that defendant failed to show that the delay in filing the motion to withdraw his guilty plea would "not prejudice the Government, who would have to reassemble the evidence to be presented in the case." *Id.* Vicharelly's delay in filing his motion has similarly prejudiced the government in the instant case.

Vicharelly's motion to withdraw his guilty plea was filed on the eve of the third sentencing date, approximately 11 weeks after Vicharelly appeared before the magistrate court. In reference to the third *Carr* factor, the purpose of a motion to withdraw is to allow a defendant to undo an unknowing plea. It is not designed to let a defendant make a tactical decision to plead guilty, wait several weeks, and then withdraw the plea if he believes he made a bad choice. *Carr* at 345.

Similarly, the withdrawal motion does not meet the standards of prongs four and seven of the *Carr* test. The withdrawal motion certainly inconveniences the court and wastes judicial resources. This trial would take considerable time to present and a rescheduled date would undoubtedly disrupt the court's docket.

As to the fifth factor, it is clear from the record and pleadings that Vicharelly has had close assistance of counsel. The detailed plea agreement, under Fed. R. Crim. P. 11(c)(1)(C), is evidence of the close assistance in this case.

Analyzing the last *Carr* factor, the detailed plea agreement and colloquy before the magistrate judge are evidence that the guilty plea was voluntary and knowing. Vicharelly's claim

that he did not knowingly enter into the guilty plea is belied by his negotiated agreement to a sentence of imprisonment of 41 months.

Finally, Vicharelly's contention that he was not given sufficient time to develop information that could form the basis of a motion for a downward departure has been remedied by the Court's order on the motion for continuance filed on February 1, 2012. Given the length of time since his guilty plea, Vicharelly has no basis to complain on this ground.

Based on the totality of the *Carr* factors, Vicharelly has failed to carry his burden of establishing a fair and just reason to withdraw his guilty plea. The motion should be overruled.

Respectfully submitted,

JOHN E. MURPHY
ATTORNEY FOR THE UNITED STATES,
ACTING UNDER AUTHORITY CONFERRED
BY 28 U.S.C. § 515


*s/Daniel D. Guess*
DANIEL D. GUESS
Assistant United States Attorney
Texas State Bar No. 00789328
816 Congress Avenue, Suite 1000
Austin, Texas 78701
Telephone: 512.916.5858
Facsimile:  214.916.5854

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been served on counsel via ECF on February 14, 2012.

 *s/Daniel D. Guess*
DANIEL D. GUESS
Assistant United States Attorney